[Nos. 2079, 2080, March 12, 1918.]

TRUJILLO et al. v. TUCKER.

ARNWINE et al. v. SAME.

SYLLABUS BY THE COURT.

1. An affidavit in replevin in substantial compliance with the statute is sufficient, and where the form prescribed does not state the value of the property, and the statute does not require the value to be stated, an affidavit is not defective because it fails to set forth the value of the property described.          P. 341

2. The value of the property sought to be replevined need not be stated in the complaint, where suit is filed in a court of general jurisdiction, and the statute does not require the complaint to state the value.          P. 341

3.   Questions not raised by the assignments of error will not be considered.                                   P. 342

4.   Any competent evidence may be introduced to establish the fact of ownership and right of possession of personal property.                                   P. 342

Appeal from District Court, Lincoln County; Medler, Judge.

Suit in replevin by Francisco Trujillo and another against Thomas H. Tucker, and suit in replevin by Allan Arnwine and another against the same defendant. Demurrer to complaint overruled and judgment for plaintiffs in each case, and defendant appeals. Judgment in each case affirmed.

GEORGE B. BARBER, of Carrizozo, for appellant.
GEORGE W. PRITCHARD, of Santa Fe, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   The above cases were tried together and upon the same evidence in the district court, by agreement; and, as the same identical questions are involved in both appeals, they will be considered together here.   In each case the appellees here, plaintiffs below, filed a suit in replevin in the district court.   The action in each case was commenced by the filing of a complaint and affidavit in replevin by the appelles in the office of the clerk of the district court for Lincoln county. The affidavits in replevin filed were in the exact words of the form prescribed by section 4355, Code 1915. Appellant appeared in each case and filed a plea in abatement in which he set forth that the affidavits in replevin failed to allege any value to the property sought to be recovered and asked that the actions be dismissed because not based upon a lawful affidavit as required by the statute.   The pleas in abatement were stricken from the files upon motion by counsel for appellees.   Appellant then demurred to the complaints upon the ground that the complaint in each case was defective in that

it failed to state the value of the property described and sought to be replevied. The demurrer was overruled and appellant answered. The case being at issue was tried by the court without a jury.

The possession of 19 head of calves was involved in the Arnwine case and 8 head of calves in the Trujillo Case. In the Arnwine Case the court decreed that appellees in that case were entitled to the possession of 19 head of calves; that appellant should return said calves, in default of which he should pay to appellees $665, and judgment for this sum was entered against the sureties on the forthcoming bond. A similar judgment was entered in the other case for the return of 8 head of calves or the sum of $280. To review these judgments these appeals are prosecuted.

[**1–2**] The first point made by appellant in each case is that the court erred in sustaining appellees' motion to strike from the files appellant's plea in abatement and in not quashing the writ of replevin and in not sustaining appellant's demurrers to the complaints. The affidavit in replevin was in exact compliance with the form prescribed by section 4355 Code 1915, and was clearly sufficient. Neither the statute nor the form prescribed requires any statement in the affidavit as to the value of the property. An affidavit in replevin in substantial compliance with the statute is sufficient. 18 Ency. P. & P. 513.

The suit having been filed in the district court which had jurisdiction of the action regardless of the amount involved, it was not necessary to allege in the complaint the value of the goods. Where such a suit is filed before a justice of the peace where the jurisdiction of such officer is limited by section 3252, Code 1915, such allegation would be essential. The statute does not require the value of the goods to be stated in the complaint, and even though the value had been alleged in the complaint it would have served no useful purpose as neither party would, upon the trial, be bound by such stated value, nor would the officer taking the bond be warrant-

ed in acting upon the value so alleged.   There are cases which hold that it is essential that the complaint should state the value of the goods, but these cases evidently arose under statutes which so require.   The following cases and authorities hold that the value need not be alleged in the complaint.   Blake v. Darling, 116 Mass. 300; Litchman v. Potter, 116 Mass. 371; Pomeroy v. Trimper, 8 Allen (Mass.) 398, 85 Am. Dec. 714; Root v. Woodruff, 6 Hill (N. Y.) 418; Britton v. Morss, 6 Blackf. (Ind.) 469.

[3] It is next urged by appellant that "the record proof fails to establish the market value of the calves in controversy."   This question is not raised by the assignments of error, hence is not here for consideration.

[4] The third and fourth propositions will be considered together.   The third is that "the court erred in admitting oral testimony to prove up the right of possession and ownership of the branded calves involved in the suit by colors," and the fourth is that "the court erred in admitting in evidence plaintiffs' bills of sale." Appellees testified that they were the owners of the calves in question; that they had purchased the same from named individuals.   The calves purchased were described by colors and brand marks, and bills of sale for the calves were introduced in evidence.   If appellant were right in his contention that a party could not prove ownership by either parol evidence or written bills of sale, we fail to understand how it would be possible for the owner of property to establish his right to its possession.   The propositions advanced are so palpably unsound that no discussion other than the mere statement of the same is necessary.   In the case of Gale & Farr v. Salas, 11 N. M. 211, 66 Pac. 520, it was held that, in a civil action wherein sheep are replevined, bills of sale or a certified copy of recorded brand is competent evidence of ownership or right of possession; but that any other competent evidence may be introduced to establish the same factors or the identity of the animals.

It is lastly urged that the judgment entered is contrary to the law and the evidence. The evidence fully supports the judgment of the court and was warranted by the law.

The judgment in each case will therefore be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.