[Civ. No. 5376. First Appellate District, Division One.—February 9, 1926.]

## JOHN T. WENTZ, Appellant, v. EX. E. LINTHICUM, Respondent.

[1] CLAIM AND DELIVERY—ACTION TO RECOVER SHARES OF STOCK—JOINT TENANCY—PLEADING—DEMURRERS—ERROR.—In this action to recover the possession of five shares of stock represented by a certificate for ten shares issued to plaintiff and defendant by a corporation, assuming that an action of replevin or claim and delivery is not maintainable by one tenant in common against another where the property is indivisible, the trial court erred in sustaining a demurrer to plaintiff's amended complaint where there was no attempt made by plaintiff to assert a right to the possession of the entire certificate, but only to one-half of the shares represented thereby or the value thereof.

[2] PLEADING—FORM OF ACTION—COMMON-LAW ACTIONS—CODE PROVISIONS.—Our code abolishes the distinction between the different common-law forms and provides for a single action, and the provisions thereof do away with all merely formal and technical distinctions between the different common-law actions, making every civil action in form substantially a special action on the case, thus avoiding the effects under the old practice of mistake as to the proper form in particular cases, and under our reformed procedure it is only necessary for a plaintiff to state his cause of action in ordinary and concise language.

[3] ID.—CLAIM AND DELIVERY—SUFFICIENCY OF COMPLAINT.—A complaint alleging that plaintiff deposited with defendant, at his request, for the purpose of sale, certain shares of stock represented in a certificate which also covered stock owned by defendant, and that the defendant refused, after a reasonable time, upon demand, to return said stock or its equivalent in cash, sufficiently states a cause of action for the return of the stock or its value.

(1) 34 Cyc., p. 1394, n. 5.　(2) 1 C. J,. p. 1003, n. 15, 16, 17, 18, p. 1005, n. 39.　(3) 34 Cyc., p. 1464, n. 2.

APPEAL from an order of the Superior Court of Alameda County sustaining a demurrer. Warren V. Tryon, Judge Presiding. Reversed.

2. See 1 Cal. Jur. 309.
3. See 5 Cal. Jur. 185.

The facts are stated in the opinion of the court.

John T. Wentz, *in pro. per.*

J. E. Hood for Respondent.

TYLER, P. J.—This is an appeal from an order sustaining a demurrer to a second amended complaint.

The action was one brought to recover possession of certain shares of stock in a corporation.

The complaint alleges in substance that on or about the tenth day of October, 1923, plaintiff was the owner of five shares of the common capital stock of the Firestone Rubber Company, a corporation, such stock being of the par value of one hundred dollars per share included in a certain certificate representing ten shares of said common stock; that defendant herein was the owner of the other five shares represented by such certificate.

It is then alleged that on the date last mentioned plaintiff was in the possession of such certificate and at the request of said defendant he deposited it with him for the purpose of having it sold and turned into cash. Further allegations are to the effect that on or about the seventh day of January, and at various other times, plaintiff demanded his five shares of stock from defendant, or the value thereof, but that defendant refused and still refuses to return to plaintiff the stock or its equivalent.

The value is then alleged to be of the sum of five hundred dollars. The prayer is for the return of the five shares or their value and for general relief.

To this complaint a demurrer was interposed upon the grounds that it did not state a cause of action and that it was uncertain in that it could not be ascertained therefrom whether plaintiff is suing in replevin, or claim and delivery, or trover.

The demurrer was sustained and plaintiff refused to further amend. Judgment was entered in defendant's favor.

In support of the judgment respondent claims that the allegations of the complaint show conclusively that plaintiff and defendant are either joint tenants or tenants in common of the one certificate representing the ten shares of stock, and

this being so, plaintiff is not entitled to sue for the recovery of the same, as both parties are equally entitled to the possession thereof.

[1] Assuming that an action of replevin or claim and delivery is not maintainable by one tenant in common against another where the property is indivisible, there is no attempt here by the pleader to assert a right to the possession of the entire certificate, but only to one-half of the shares represented thereby. The property is divisible and could be surrendered to the company that issued it and two certificates of five shares each could be issued in lieu thereof to the rightful owners. To the objection that the complaint is uncertain in that it fails to state the character of the action it is sufficient to say that in this state there is but one form of action. The cause of action here declared upon is based upon a contract of bailment, and is an ordinary one to recover personal property or its value. The auxiliary remedy of possession of the entire certificate is not sought. Plaintiff having deposited his shares of stock with defendant to sell and account for, he is entitled to the proceeds of such sale or the return of his property, which he alleges consists of five shares of stock. He asks for nothing else. [2] Whatever the form of this action at common law might have been designated, whether debt, detinue, trover, or conversion, is a question of no moment here. Our code abolishes the distinction between the different common-law forms and provides for a single action. The provisions thereof do away with all the merely formal and technical distinctions between the different common-law actions, making every civil action in form substantially a special action on the case, thus avoiding the effects under the old practice of mistakes as to the proper form in particular cases. Under our reformed procedure it is only necessary for a plaintiff to state his cause of action in ordinary and concise language.

[3] Here, as above indicated, plaintiff alleged that he deposited his stock, describing it, with defendant at his request for the purpose of sale. He charged that defendant refused after a reasonable time upon demand to return it or its equivalent in cash. These allegations entitle plaintiff to the relief sought for and they state a cause of action.

(*Faulkner* v. *First Nat. Bank,* 130 Cal. 258 [62 Pac. 463]; *Corey* v. *Struve,* 170 Cal. 172 [149 Pac. 48].)

The judgment is reversed.

Knight, J., and Cashin, J., concurred.