## JOHNSON v. JOHNSON

No. 3003

May 23, 1933.

*W. M. Kearney* and *Geo. L. Sanford,* for Respondent:

*Cantwell & Springmeyer,* for Appellant:

## OPINION

By the Court, DUCKER, J.:

Motions have been made by respondent to dismiss the appeal from the order denying appellant's motion for a new trial and to strike the bill of exceptions and record on appeal herein, with the exception of the judgment roll. The motion to dismiss the appeal was made upon the ground that the appeal was not perfected within the time fixed by law. The opinion in which judgment was ordered in favor of plaintiff, respondent here, was filed July 13, 1932. Appellant moved for a new trial, which was denied, on July 28, 1932. The following minute entry of July 28, 1932, appears in the record:

"The Court: In this action defendant's motion for a new trial upon stipulation having been argued before the Court at Carson City, Wednesday, July 27, 1932, by

respective counsel and after argument it was submitted to the Court for ruling.

"It is ordered that defendant's motion for a new trial be and the same is hereby denied on the grounds and for the reasons stated in the Court's former decision. It is further ordered that a Stay of Execution is hereby granted upon defendant's furnishing a bond in the sum of $2,000 to be approved by the clerk, and that defendant have to and including September 3, 1932, to make and serve Bill of Exceptions.

"The above minute entry was made by the Court.

H. R. Jepsen, County Clerk."

■ Appellant appealed from the above order and from the judgment. His notice of appeal was served October 5, 1932, and filed October 6, 1932. Under the statute an appeal from an order denying a motion for a new trial must be taken within sixty days after the order is made and entered in minutes of the court. Section 8885 N. C. L. Respondent contends, therefore, that as the appeal from the order denying a motion for a new trial in this case was not taken within the prescribed period the court acquired no jurisdiction thereof, and the appeal should be dismissed. Appellant insists that he was entitled to notice of the denial of his motion for a new trial and that as he received no notice thereof until August 8, 1932, he had sixty days from that date in which to take his appeal, and his appeal was therefore taken in time. There is no merit in this contention. The time in which an appeal from an order denying or granting a new trial may be taken runs from the entry of the order. Sec. 8885, supra. Nelson v. Smith, 42 Nev. 302, 178 P. 625; Kingsbury v. Copren, 47 Nev, 466, 224 P. 797; Mellon v. Messinger, 48 Nev. 235, 228 P. 1095. See Markwell v. Gray, 50 Nev. 427, 265 P. 705.

Rule VII of the district court rules, which appellant insists requires written notice as to an order denying a new trial, has no application to such an order.

■ It is very earnestly urged by appellant that the motion to dismiss the appeal from the order quoted

above should be denied for the reason that it is not an order refusing a new trial made and entered as contemplated by said sec. 8885, from which an appeal may be taken within sixty days from the entry thereof. It is argued that such an order must be in writing signed by the judge, or at least incorporated in the minutes of the court signed by the judge. His contention in this respect is rather curious as he has taken his appeal from the order which he now claims is not an order from which an appeal may be taken. If there has been no order duly entered there is nothing upon which an appeal in this regard can be based. However, we think the order quoted above is an order refusing a new trial made and entered as contemplated by said sec. 8885. It is signed by the clerk and shows that it was not only made by the court, but entered by the court. There is nothing in this section or elsewhere in the law requiring such an order to be actually signed by the judge before it becomes effective as such for the purpose of an appeal. We are referred by appellant to that part of sec. 8877 N. C. L., which reads:

"The court or judge granting or refusing a new trial shall state in writing, generally, the grounds upon which the same is granted or refused."

The language just quoted does not refer to the order granting or refusing a new trial. It provides for a written opinion, and has been held to be directory. State v. C. P. R. R. Co., 17 Nev. 259–268.

Appellant refers to sec. 8909 N. C. L., which reads:

"Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order."

This section does not help him. It simply defines an order. The signing of the order is not included in the definition.

■ The cases of Elsman v. Elsman, 54 Nev. 20, 2 P. (2d) 139, and Bottini v. Mongolo, 45 Nev. 245, 197 P. 702, discussed by appellant, are not in point. As appellant did not appeal from the order denying the motion

for a new trial within sixty days from the entry of the order in the minutes of the court on July 28, 1932, his appeal attempted therefrom must be dismissed.

■ Appellant contends that the bill of exceptions should not be stricken even if the appeal from the order was too late, because of his appeal from the judgment. The appeal from the judgment was taken in apt time. But time for taking a bill of exceptions to the judgment was not extended by the trial court. Two orders were made extending time for the filing of a bill of exceptions and in each instance the order was limited to a bill of exceptions from the order denying a new trial. It is contended that objections to the bill of exceptions in this regard have been waived by counsel for respondent in failing to object to the allowance or settlement of the bill of exceptions and by stipulating that the same was correct. The time for filing a bill of exceptions having expired, the failure to file it in time was jurisdictional and there could be no waiver. In Barbash v. Pitt, 48 Nev. 108, 233 P. 844, relied on by appellant, the waiver established by the facts did not go to a jurisdictional defect.

There is no merit in appellant's contention that the motion to dismiss is too general.

It is ordered that the appeal from the order refusing a new trial be and the same is hereby dismissed.

It is further ordered that the record on appeal except the judgment roll be and the same is hereby stricken.