## JOHNSON *v.* JOHNSON

No. 3003

December 4, 1933.                    27 P. (2d) 532.

*Cantwell & Springmeyer*, for Appellant:

*W. M. Kearney* and *George L. Sanford,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action in claim and delivery. It is before the court on the judgment roll alone. An appeal from the order refusing a new trial was dismissed. Johnson

v. Johnson, 54 Nev. 433, 22 P. (2d) 128. Judgment was rendered for plaintiff in the court below.

1. The first question to be determined is whether the complaint states facts sufficient to constitute a cause of action. Every other objection raised by defendant's demurrer was waived when he answered. Peri v. Jeffers, 53 Nev. 52, 292 P. 1, 293 P. 25, 298 P. 658, and cases cited therein.

2. The complaint alleges, inter alia, plaintiff's ownership of the property detained, to wit, four deeds and a bill of sale duly executed, and the property described in said documents; that the defendant unlawfully holds and detains said documents in his possession; that they were not taken for a tax, assessment, or fine pursuant to statute, or seized under execution or an attachment against the property of the plaintiff; that the plaintiff has made demands upon defendant to return and deliver up the possession of said documents to plaintiff, which have been refused; and that plaintiff is entitled to the immediate possession of said documents, and has been injured and damaged in the sum of $1,000 by the conduct of defendant in unlawfully withholding the same.

These allegations include the essential facts necessary to constitute a cause of action in claim and delivery. The case on this point is controlled by our decision in Peri v. Jeffers, in which we said: "The material facts necessary to be alleged in the complaint are: Plaintiff's ownership, either general or special, of the property, describing it; his right to its immediate possession, and the wrongful taking and detention thereof by defendants; and a demand for possession, in certain instances." While the complaint in this case contains allegations other than as stated above, they may be disregarded as surplusage. The affidavit which must be made when plaintiff claims delivery of the property pending the trial of the action must show, among other things, that the property has not been taken for a tax, assessment, or fine, pursuant to statute, or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from

such seizure. Section 8681 N. C. L. A complaint, however, need not show such matters in the absence of a statute to that effect. 54 C. J. 510.

The contention of defendant that the complaint is fatally defective in failing to show how the plaintiff acquired and holds possession of the documents and the facts showing such ownership or interest as would entitle plaintiff to immediate possession, is without merit. The ultimate facts in these respects are all that is necessary, and they appear in the complaint. It is also contended that the complaint is fatally defective in failing to allege the value of the documents sought to be recovered.

The case of Peri v. Jeffers, supra, decides this question adversely to this contention. Section 8681 N. C. L., cited supra, requires the affidavit to show the actual value of the property to be recovered, but it is not required to be stated in the complaint. That value is not an essential of the complaint is established by the weight of authority in other jurisdictions. Britton v. Morss, 6 Blackf. (Ind.), 469; Root v. Woodruff, 6 Hill (N. Y.), 418; Bailey, Surv., v. Ellis, 21 Ark. 488; Fergusson v. Comfort, 194 Mo. App. 423, 184 S. W. 1192; Schaffer v. Faldwesch, 16 Mo. 337; Trujillo et al. v. Tucker, 24 N. M. 339, 171 P. 788; Wentz v. Linthicum, 76 Cal. App. 486, 245 P. 205. See, also, 18 Encyc. Pl. and Prac. p. 541.

3. It is insisted that, in the absence of an allegation of value of the property to be recovered, the complaint fails to show jurisdiction in the district court. A sufficient answer to this contention is that the complaint alleges damages in the sum of $1,000 for the unlawful detention of the documents, and prays recovery of the same. In an action of claim and delivery, damages may be claimed as well as the property itself. Buckley v. Buckley, 12 Nev. 423.

4, 5. Error is claimed to appear from the judgment roll, in that title to the land was in issue by the pleadings, and that the court in its findings determined there

was a delivery of the deeds in question, thus determining plaintiff's title to the land. In this connection it is insisted that title to the land cannot be tried in a claim and delivery action. There is nothing to indicate that plaintiff sought to try title. The prayer of the complaint did not ask for a determination of her title to the property, and it is otherwise clear therefrom that the real purpose of the action was not to have title determined, but to recover possession of said documents. It is true the complaint alleges plaintiff's ownership of the property described in deeds and bill of sale, and this is denied in the answer. But it is plain that this allegation is merely an inducement as a basis for proof that the right of recovery existed. In his answer defendant makes no claim of title in himself, but disclaims it. The court did not determine title. Its finding that there was a delivery of the deeds to plaintiff was a finding in favor of her right to the possession of the deeds and bill of sale which were the subject of the action. The controversy is about such right of possession. True, defendant, in his cross - complaint, attempted to set up and have determined certain interests of the minor children of plaintiff and her husband, who executed the deeds and bill of sale, but the court sustained plaintiff's demurrer thereto and granted her motion to strike parts of it, and properly so. The matter was not a defense in the action.

6. A claim and delivery action may be maintained for the recovery of a deed where the controversy does not involve title to the land described therein. 54 C. J. 421, and cases cited in note 81. Such is the case here. It is claimed that the judgment should be reversed for the failure of the court to appoint a guardian ad litem for said minor children as prayed for in said cross-complaint. There was no error in this. Any interest they may have in the property described in the deeds and bill of sale could not have been determined in this form of action.

The judgment should be affirmed.

It is so ordered.