H. W. POLK, AKA HARRY W. POLK, APPELLANT, v. FLORENCE T. TULLY, RESPONDENT.

No. 11104

February 20, 1981                         623 P.2d 972

*Douglas J. Shoemaker,* Las Vegas, for Appellant.

*Keefer, Clark & O'Reilly,* and *R. Steven Young,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 24, 1970, a money judgment was entered in favor of respondent. Almost six years passed, and the judgment remained unenforced.[1]

On November 19, 1976, respondent filed a complaint seeking to revive the judgment. The complaint was filed in the same case number as the original judgment. Respondent did not obtain leave of court to file the new complaint in accordance with NRCP 15(a). A summons issued, and appellant was served.

Appellant filed an answer to the complaint on January 31, 1977. Respondent moved for summary judgment on May 12, 1978. Appellant moved to dismiss the complaint on June 16, 1978. The district court denied appellant's motion to dismiss and granted respondent's motion for summary judgment. This appeal followed.

1.   Appellant's first contention is that a judgment may not

---

[1]The statute of limitations for an action upon a judgment is six years. *See* NRS 11.190(1)(a).

be revived by a complaint filed in the same case number as the original judgment. Appellant argues that a judgment can be revived only by an independent action.[2]

The proper procedure for reviving a judgment in Nevada is not clear. In many states the revival of judgments is provided for by statute.[3] Nevada has no such statute. At least one other court has held that, in the absence of a statute, a proceeding to revive a money judgment is not a new suit, but is part of the original action. *See* Donellan Jerome, Inc. v. Trylon Metals, Inc., 270 F.Supp. 996 (N.D.Ohio 1967).

▅▅▅▅▅■

In the instant case, although the action was brought within the original action, appellant was served with a summons and complaint. Appellant clearly had notice, as evidenced by his filing an answer. The district court concluded that, in the absence of a statute requiring an independent action, the procedure followed by respondent was not improper.[4] We agree. To hold otherwise would exalt form over substance.

▅▅▅▅▅■

2. Appellant argues that even if the procedure followed by respondent was proper, respondent failed to obtain leave of court to file the new pleading, as required by NRCP 15(a). However, even if such leave be required, appellant waived this objection by not raising it in his answer. *Cf.* Johnson v. Johnson, 55 Nev. 109, 27 P.2d 532 (1933). Appellant did not object to respondent's failure to obtain leave of court until 16 months after filing his answer. Our conclusion that appellant waived this objection is in harmony with the goal of our rules of civil procedure: "to secure the just, speedy, and inexpensive determination of every action." NRCP 1.

Affirmed.

---

[2]Appellant cites Reid v. Bristol, 86 S.E.2d 417 (N.C. 1955), for this proposition. However, in *Reid* the court emphasized that no complaint was filed and no summons was issued. Thus, *Reid* is distinguishable from the present case.

[3]It appears that most statutes provide for revival by a motion in the original action, similar to the procedure followed by respondent. *See, e.g.,* Ariz. Rev. Stat. § 12-1612 (West Supp. 1976); Kan. Stat. § 60-2404 (Weeks 1976); La. Code Civ. Pro. Ann. art. 2031 (West 1960).

[4]The district court found that "it would be a useless act to file a separate action to revive the judgment in this matter."