690 P.2d 925

**ESTATE OF Vina S. THOMPSON, Plaintiff-Appellant,**

v.

**Paul TURNER and Wesley B. Thompson, Defendants-Respondents.**

**No. 14841.**

Supreme Court of Idaho.

Nov. 1, 1984.

Sherman F. Furey, Jr., Salmon, for plaintiff-appellant.

Robert J. Elgee, Boise, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from the district court's order dismissing a complaint in an action on an earlier judgment. Appellant (Estate of Vina Thompson) secured a money judgment for $137,000 against two defendants, including respondent here (Paul Turner). Shortly before the expiration of six years, appellant filed the instant action by way of complaint in which appellant recited the earlier judgment. Process was issued and served upon respondent. The respondent sought and gained a dismissal of the action on the basis that it was not a new and independent action on the judgment. We reverse the order dismissing the complaint and order the action reinstated.

The instant complaint was given the same case number as that of the case in which the original decree was entered. Appellant paid a $7.00 filing fee, as opposed to the $41.00 filing fee for a new action. A $7.00 fee is required by I.C. § 31–3201A(j), to appear after judgment or to reopen a case.

Both appellant and respondent appear to agree that any proceeding supplemental to the money judgment in the original case would be barred after five years by I.C. § 11–105, but they also appear to agree that a new and independent action on the judgment could be maintained within six years, under I.C. § 5–215. We hold that this is such an independent action, that it was timely filed and not subject to dismissal.

Respondents cite no authority in support of their asserted presumption that appellant's attorneys who prepared the pleadings and tendered the $7.00 filing fee, are presumed to be appearing after judgment in the original case rather than filing a new and independent action. Nor is any authority cited for the proposition that, without payment of a $41.00 fee, appellant is not entitled to file these pleadings as an independent action. The $7.00 fee was accepted and the complaint filed by the deputy clerk.

Other courts that have considered this issue have focused upon the filing and service of a summons and complaint in determining whether an independent action has been filed. *Polk v. Tully*, 97 Nev. 27, 623 P.2d 972 (1981); *Reid v. Bristol*, 241 N.C. 699, 86 S.E.2d 417 (1955). In *Polk*, the Nevada Supreme Court allowed revival of a judgment by the filing of a complaint in the same case number as the original judgment. Nevada does not provide statutorily for revival; I.C. § 5–215, on the other hand, provides only a statute of limitations for such revival.

The record in the instant action demonstrates that appellant has fulfilled the requirements of an independent action, namely, the filing and service of a summons and complaint. The complaint identified the earlier judgment intended to be renewed. To focus on the $7.00 filing fee or the assigning of the old case number to the new proceeding is to exalt form over substance.

The respondent's Motion to Dismiss under I.R.C.P. 12(b)(6), (8) must be viewed in accordance with I.R.C.P. 1(a), which requires the rules to be liberally construed toward an ultimate goal of a just result. While this case does not directly fit within the purview of I.R.C.P. 54(c), which requires that every final judgment grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings, nevertheless the spirit of the rule is in accord with our finding that this is a new and independent action.

Reversed and remanded. No costs and attorney's fees on appeal.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

**472**

BAKES, Justice, dissenting:

The issue in this case is whether or not the district court erred in dismissing the plaintiff's action because it was an action to reopen the original case and thus was barred by the five-year statute of limitations contained in I.C. § 11–105. This Court reverses, concluding that the plaintiff's complaint was a new and independent action governed by the six-year statute of limitations under I.C. § 5–215.

The majority admits that the appellant paid the $7.00 filing fee provided for reopening a case under I.C. § 31–3201A(j), rather than the $41.00 filing fee required for instituting a new action. The majority also acknowledges that the plaintiff's complaint contained the same case number as the original action. However, the majority concludes that, because a summons was issued, this was in fact an independent action rather than a reopening of the old case.

The majority opinion ignores I.C. § 31–3211. Under that section, even if the plaintiff had intended an independent action rather than a reopening of the old case, the clerks of the courts "are not in any case ... to perform any official services unless upon prepayment of the fees prescribed for such services by law ...." In short, the statute prohibits the clerk from filing an independent action without the prepayment of the $41.00 filing fee. By tendering only a $7.00 filing fee, the only action which the clerk by law could take was to file the plaintiff's complaint as a reopening of the original action, which the clerk did. The district court was correct in subsequently dismissing the complaint as barred by the five-year statute of limitations contained in I.C. § 11–105.

The majority's action in this case is taken in direct contravention of I.C. § 31–3211 which prohibits the clerk of the court from filing an independent action until the $41.00 had been prepaid. Accordingly, I believe that the judgment of the district court should be affirmed.