800 P.2d 133

The ATTORNEY GENERAL OF CANADA on Behalf of HER MAJESTY THE QUEEN IN RIGHT OF CANADA, Plaintiff–Respondent,

v.

Gary A. TYSOWSKI, Defendant–Appellant.

No. 18317.

Court of Appeals of Idaho.

Oct. 26, 1990.

trap, kill, or possess *or any attempt to do so.*"

(Emphasis added.)

Gary A. Finney, Sandpoint, for defendant-appellant.

Cooke, Lamanna, Smith & Cogswell, Priest River, for plaintiff-respondent. Thomas E. Cooke, argued.

WALTERS, Chief Judge.

This case involves an action to enforce a Canadian judgment against an Idaho resident. The central issue on appeal is whether the district court erred in holding that the action on the judgment was filed in Idaho within the applicable limitation period. For the reasons explained below, we hold that the court failed to apply the correct statute. We vacate the judgment and remand the case for further proceedings.

The relevant facts are as follows. Gary Tysowski defaulted on student loans which were guaranteed by the government of Canada. On December 1, 1980, the Attorney General of Canada, representing the Canadian government, filed an action in Edmonton, Alberta, Canada, to recover the unpaid debt, and served Tysowski in Alberta. Judgment was entered in the action against Tysowski on November 17, 1982. Apparently unable to execute on the judgment in Canada, the Attorney General filed a complaint in Bonner County, Idaho, on November 6, 1987, again seeking recovery on the loan obligation. On April 3, 1989, the Attorney General filed an amended complaint, stating that its action was to enforce the 1982 judgment obtained in Alberta, Canada.[1] The district court subsequently granted the Attorney General's motion for summary judgment, ruling that the amended complaint "related back" to the date of the original pleading, and that the action to enforce the judgment was therefore timely filed within both the ten-year limitation period prescribed by an Alberta statute, and the six-year limitation period provided for in I.C. § 5–215.

Tysowski asserts that the district court erred in ruling that the amended complaint was timely filed under the applicable statute of limitation. In reviewing the district court's decision, we first must decide which limitation period applies to the action. We

---

1. A cause of action on a judgment is not the same "cause of action" underlying and merged into the judgment. Thus, a cause of action on the judgment is different from that upon which the judgment was rendered; it is regarded as a new and independent cause of action. *Caxton Printers, Ltd. v. Ulen,* 59 Idaho 688, 86 P.2d 468 (1939). 47 AM.JUR.2D *Judgments* § 916, at 35 (1969). Moreover, a proceeding supplemental to a money judgment is distinct from an action on the judgment. *See* I.C. § 10–1306; *Thompson v. Turner,* 107 Idaho 470, 690 P.2d 925 (1984).

will then determine whether the action was commenced within that period.

Preliminarily, we note that the issues presented on appeal involve questions of law and of their application to undisputed facts. Accordingly, we exercise free review.

## I

■ Our initial inquiry involves a choice of laws. We must determine whether to apply the laws of Alberta, Canada, the jurisdiction in which the action arose, or those of this state, wherein the present action is being prosecuted. In general, the forum applies its own statutes of limitation to actions before it. *Miller v. Stauffer Chemical Co.*, 99 Idaho 299, 301, 581 P.2d 345, 347 (1978). Thus, a foreign plaintiff is subject to Idaho's limitation periods, except as otherwise provided by statute. *See Miller v. Stauffer, supra; Canadian Birbeck Inv. & Savings, Co. v. Williamson*, 32 Idaho 624, 633, 186 P. 916, 919 (1920).

■ We observe that Idaho's borrowing statute, I.C. § 5–239, provides that where a cause of action is barred in the foreign state or country in which it arose because of lapse of time, the action will be barred in Idaho. *Miller v. Stauffer*, 99 Idaho at 302, 581 P.2d at 347; *West v. Theis*, 15 Idaho 167, 178, 96 P. 932, 936 (1908). We note from the record that the Alberta limitation period for an action on a judgment is ten years. Alberta Limitation of Actions Act, ALTA.REV.STAT. ch. L–15, § 4(2) (1970). The Attorney General's action on the judgment accrued in Alberta on November 17, 1982, and had not yet expired at the time the original or amended pleadings were filed in Idaho. Thus, because the action was not time-barred in Alberta, the provisions of I.C. § 5–239 are inapplicable, and

Idaho's limitation periods apply. *See Western Coal & Mining Co. v. Jones*, 27 Cal.2d 819, 167 P.2d 719, 725 (1946). Accordingly, we must look to the statutes of limitation of Idaho.

The district court concluded that, under Idaho law, I.C. § 5–215(1) was the statute of limitation applicable to the Attorney General's amended complaint. That statute sets forth a six-year limitation period for "[a]n action upon a judgment or decree of any court of the United States, or of any state or territory within the United States." I.C. § 5–215. Tysowski asserts that the ruling was in error because the Alberta judgment is not a judgment of the United States or of any state or territory therein, and hence is impliedly excluded from the purview of section 5–215.

■ This jurisdiction has generally subscribed to the rule of statutory construction which states, *expressio unius est exclusio alterius:* "where a constitution or statute specifies certain things, the designation of such things excludes all others." *Local 1494 of the Int'l Ass'n of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978). Application of this rule to the present case leads to the conclusion that, by expressly *including* judgments of the United States and its states and territories, the legislature impliedly *excluded* from the scope of the statute all other foreign judgments.[2] We therefore hold that I.C. § 5–215 does not apply to the action on the Alberta judgment.

■ However, Idaho Code § 5–224, the "catch-all" statute of limitation, provides that "[a]n action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued."[3] We hold that the action on the Alberta judgment, which is not specifically provided for by any other

---

**2.** This Court is aware of the Uniform Foreign Money Judgments Recognition Act, contained at I.C. § 10–1401, *et seq.* That Act specifically extends to judgments of countries and states outside of the United States, and provides for the recognition and enforcement of such foreign judgments "in the same manner as the judgment of a sister state which is entitled to full faith and credit." I.C. § 10–1403. This legislation, however, was enacted in 1990, subsequent to the

filing of the present action, and, as such, is inapplicable to this case. We therefore need not determine whether the provisions of that Act would operate to bring an action to enforce a Canadian judgment within the scope of I.C. § 5–215.

**3.** This section is identical to Section 343 of the California Code of Civil Procedure, and was adopted therefrom. *See, e.g., Brown v. Hawkins*, 66 Idaho 351, 361, 158 P.2d 840, 844

section of the statute of limitation provisions, falls within the purview of this section. *Accord, Dore v. Thornburgh,* 90 Cal. 64, 27 P. 30 (1891) (construing identical California statute).

## II

The Attorney General commenced its action in Idaho, at the earliest, on November 6, 1987, more than four years after the action had accrued. We note, however, that absence of a defendant-debtor from the state tolls the statute of limitation for the period of such absence. I.C. § 5–229. Thus, in order to successfully assert the statute of limitation as a bar to this action, Tysowski must show that he has resided in this state for a term exceeding the four-year limitation period provided in I.C. § 5–224. *West v. Theis, supra.* The record before us is devoid of any evidence on this circumstance. Accordingly, we vacate the summary judgment and remand the case for a determination by the district court of whether Tysowski may avail himself of the statute of limitation defense under I.C. § 5–224.

No costs or attorney fees allowed on appeal.

SWANSTROM, J., and WINMILL, J. Pro Tem., concur.

(1945), *overruled on other grounds, Mitchell v.* Flandro, 95 Idaho 228, 506 P.2d 455 (1972).