In re Robert L. GILMORE, Debtor.

**BANKERS LIFE AND CASUALTY COMPANY, INC., an Illinois corporation, Plaintiff,**

v.

**Robert Lewis GILMORE, Defendant.**

Bankruptcy No. 91–02187.
Adv. No. 91–6223.

United States Bankruptcy Court, D. Idaho.

May 28, 1992.

---

1. —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

Larry E. Prince, Holland & Hart, Boise, Idaho for plaintiff.

Russell J. Gallagher, Coeur d'Alene, Idaho, for defendant.

1. Idaho Code §§ 10–1301, et seq.

2. **§ 11–101. Time within which execution may issue—Stay pending disposition of motions.—** The party in whose favor judgment is given may, at any time within five (5) years after the entry thereof, have a writ of execution issued for its enforcement, subject to the right of the court to stay execution as herein provided.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The plaintiff's complaint, in this adversary proceeding, alleges the following facts. The debtor/defendant, Robert Lewis Gilmore, was an agent of the plaintiff under a written employment contract wherein he was designated a fiduciary for the plaintiff's funds in his possession as a sales agent. The defendant absconded with funds, and on January 21, 1983 a judgment was entered in the Superior Court of the State of Washington in favor of the plaintiff and against the defendant in the amount of $64,137.38 representing the funds the defendant collected and failed to turn over to the plaintiff. On March 18, 1991, the plaintiff filed this judgment in the District Court of the First Judicial District of the State of Idaho under the Idaho Foreign Judgments Act.[1]

The complaint further alleges the defendant's discharge should be denied as the forgoing acts constitute a defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4), and a willful and malicious injury to the plaintiff's property under 11 U.S.C. § 523(a)(6), and prays for the entry of a judgment in the amount of $64,137.38 plus interest from January 21, 1983.

The defendant urges two main points in defense of the complaint. First, he contends the statute of limitations is a bar to the action and second, he contends at the trial the plaintiff failed to prove its cause of action in certain particulars.

## I.

## THE STATUTE OF LIMITATIONS

The defendant urges the application of Idaho Code §§ 11–101 and 11–105.[2] He argues the filing of the judgment in Idaho

. . . .

**§ 11–105. Execution after five years.—** In all cases other than for the recovery of money the judgment may be enforced or carried into execution after the lapse of five (5) years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings.

in 1991 did not constitute the filing of an "action of a judgment" and therefore the tolling provisions of Idaho Code § 5–229 [3] do not apply.[4] Thus, a determination must be made as to the nature of the present action for purposes of the statute of limitations issue and the effect of the filing of the Washington complaint in Idaho.

Basically, the present action consists of two parts; it is an action to collect a claim against the debtor/defendant and to have that claim declared non-dischargeable. The non-dischargeability portion of the action is purely a creature of bankruptcy law, while the existence of the claim depends on non-bankruptcy law.[5] It has been held no statute of limitation applies to an action of non-dischargeability.[6] Yet, if there is no claim to declare non-dischargeable, there is no basis for the action in any event. The issue will thus depend on the ability of the claimant to assert the claim in light of applicable non-bankruptcy statutes of limitation.

 The plaintiff's complaint contains a cause of action based on its Washington judgment, rather than upon embezzlement or larceny causes of action which existed prior to 1983. The action is the enforcement of a foreign judgment under the provisions of the Idaho Enforcement of Judgments Act.[7] Following the formula of the Idaho Court of Appeals in *Attorney General of Canada v. Tysowski* [8] the first inquiry is whether the action on the judgment is barred in the foreign forum in which it originated. If not, then the appropriate Idaho statute of limitation is applied.[9] It is noted the State of Washington has a ten year limitation period for the enforcement of judgments,[10] thus the action would not have been barred in Washington. Idaho Code § 5–215(1) [11] is the applicable Idaho statute. The filing of the 1983 judgment in 1991 would seemingly violate the six year requirement of § 5–215(1). But, is the 6 year period tolled by the failure to the defendant to prove his presence in the State of Idaho during the six year period under the provision of § 5–229 as the plaintiff contends? Since no evidence was presented on this fact, the issue reduces to which party has the burden of proof. Undoubtedly, the burden of showing the expiration of the statute is on the defendant, since the expiration of the claim based on the statute of limitations is an affirmative defense. The next question is would the tolling of the statute due to the absence of the defendant from the state be a part of the defendant's burden? These questions were also answered by the Idaho Court of Appeals in the *Attorney General of Canada v. Tysowski* case in which the Court remanded the matter to the District Court and required the defendant to show "... that he has resided in this state for a term exceeding the four-year limitation period provided in Idaho

---

3. **§ 5–229. Absence of defendant from state.—** If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.

4. The defendant did not appear at trial and offer any evidence as to his presence within the State of Idaho during the period between the time of the entry of the Washington judgment and the time it was filed in Idaho.

5. A claim is simply a "right to payment" 11 U.S.C. § 101(5)(A).

6. *Matter of Friedenberg,* 12 B.R. 901, 905 (Bankr. S.D.N.Y.1981).

7. Under Idaho law, a cause of action on a judgment is different than that upon which the judgment is based. *Attorney General of Canada v. Tysowski,* 118 Idaho 737, 800 P.2d 133 (1990); *Caxton Printers, Ltd. v. Ulen,* 59 Idaho 688, 86 P.2d 468 (1939).

8. *Id.*

9. *Id.* Idaho Code § 5–239 provides that where a cause of action is barred in the foreign state or country in which it arose because of lapse of time, the action will be barred in Idaho.

10. Wash.Rev.Code Ann. § 4.16.020 (West Supp. 1992).

11. **§ 5–215. Action on judgment or for mesne profits of real property.—**Within six (6) years:

1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

Code § 5–224." [12] The defendant thus carries the burden of proof which he has not sustained.

## II.

### THE MERITS OF PLAINTIFF'S CASE

Has the plaintiff proven a prima facia case of entitlement to a judgment on its claim and the conclusion the claim is non-dischargeable?

The plaintiff's proof at trial consisted of the testimony of Dick Hlebichuk and several documents concerning the withholding of the funds. The defendant argues there is insufficient evidence to establish lack of payment on the part of the defendant and that the plaintiff has not shown sufficient facts to establish willful and malicious on the part of the defendant as required by Section 523(a)(6).

Payment is an affirmative defense. Concerning the issues framed by the pleadings and the evidence produced at trial, a conclusion of the defendant's defalcation while acting in a fiduciary capacity and willful and malicious injury to the plaintiff's property is reached. The documents in evidence include not only the civil judgment, but also a copy of a criminal information charging the defendant with first degree theft arising out of the failure to deliver the funds to the plaintiff, a copy of the defendant's plea of guilty to that charge, and a copy of the defendant's statement concerning the guilty plea and an admission to the charge. Since this is an action to enforce a civil judgment, the monetary amount of the plaintiff's claim is established by the judgment. The defendant's admission to the charge of theft establishes the elements of defalcation necessary for 11 U.S.C. § 523(a)(4) and of willful and malicious injury to the property of the plaintiff necessary for 11 U.S.C. § 523(a)(6).

The plaintiff will be afforded the relief sought by its complaint. Counsel for the plaintiff may prepare an appropriate form of judgment for signature. This opinion may serve as formal findings of fact and conclusions of law.

---

12. Since Idaho Code § 5–215 by its terms does not apply to judgments of foreign countries, the court held Section 5–224 applicable.