972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy GALLAGHER, Plaintiff-Appellant,
v.
ALLIED WELDERY, INC.; Wes Warren, Defendants-Appellees.
 No. 91-35594.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Gallagher, the appellant, argues that the district court erred when it failed to apply Idaho's "choice of law" rules in granting the appellees' motion for summary judgment. The court granted the motion on the ground that this diversity action was barred by Idaho's two-year statute of limitations, Idaho Code § 5-219.[1]
 
 
 3
 Gallagher urges that we analyze the Idaho statute of limitations as a substantive rather than as a procedural provision, and thereby conclude that Montana's three-year statute of limitations applies under choice of law principles. However, the Supreme Court has squarely rejected any mandate that a statute of limitations be applied as a substantive rather than as a procedural rule where there is a choice of law issue in a diversity action.[2] Sun Oil Co. v. Wortman, 486 U.S. 717, 726-729 (1988). See also, FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 487 (9th Cir.1991) (citing with approval a Texas district court opinion that a statute of limitations is procedural in nature); Alberding v. Brunzell, 601 F.2d 474, 476 (9th Cir.1979) (observing that "statutes of limitations are a procedural matter governed by the law of the forum.").
 
 
 4
 The most recent Idaho case, which relies on a decision of Idaho's Supreme Court, states:
 
 
 5
 Our initial inquiry involves a choice of laws. We must determine whether to apply the laws of Alberta, Canada, the jurisdiction in which the action arose, or those of this state, wherein the present action is being prosecuted. In general, the forum applies its own statutes of limitation to actions before it. Miller v. Stauffer Chemical Co., 99 Idaho 299, 301, 581 P.2d 345, 347 (1978). Thus, a foreign plaintiff is subject to Idaho's limitation periods, except as otherwise provided by statute.
 
 
 6
 Attorney General of Canada v. Tysowski, 118 Idaho 737, 800 P.2d 133, 135 (Idaho App.1990).
 
 
 7
 The district court was bound to apply Miller and Tysowski. Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp., 813 F.2d 272, 274 (9th Cir.1987) (a federal court with diversity jurisdiction must decide the issues as though it were a state court). Moreover, we vacated Jenkins v. Armstrong World Industries, Inc., 643 F.Supp. 17 (D.Idaho 1985), in which the federal district court, in contrast to Miller and Tysowski, found Idaho's statute of limitations was substantive. Meyer v. Armstrong World Industries, Inc., 820 F.2d 329 (9th Cir.1987). Gallagher's appellate brief should have revealed that fact instead of discussing Jenkins at length.
 
 
 8
 For these reasons, the district court's order granting summary judgment was proper.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 5-219 provides that an action must be brought:
 Within two (2) years:
 
 
 [4]
 [Where it is a]n action to recover damages ... for an injury to the person[.]
 
 
 [2]
 The Court clarified:
 Today ... we do not hold that Kansas must apply its own statute of limitations to a claim governed in its substance by another State's law, but only that it may.
 Sun Oil, 486 U.S. at 727.