No. 2--96--0282

________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT                              

________________________________________________________________

LA SOCIETE ANONYME GORO and          )  Appeal from the Circuit Court

TITAN FASTENERS, INC.,               )  of Du Page County.

                                     )

     Petitioners-Appellants,         )

                                     )  No. 94--MR--0690

v.                                   )

                                     )

CONVEYOR ACCESSORIES, INC.,          )  Honorable

                                     )  Bonnie M. Wheaton,

     Respondent-Appellee.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE HUTCHINSON delivered the opinion of the court:

     Petitioners, La Societe Anonyme Goro and Titan Fasteners,

Inc., appeal the trial court's judgment denying their petition to

register a judgment in Du Page County against respondent, Conveyor

Accessories, Inc.  The Tribunal de Commerce de Paris, in Paris,

France, initially entered the judgment, and the Cour D'Appel de

Paris, also in Paris, France, modified, but otherwise confirmed,

the judgment.  The issues on appeal are:  (1) whether the trial

court erred in determining that the petition is barred by the five-

year statute of limitations applicable to actions for which a

specific limitations period is not provided; (2) whether, if the

underlying action is barred, petitioners' claim for interest

payments due during the five years preceding the filing of the

petition is valid; and (3) whether the appeal was taken for an

improper purpose and petitioners should, therefore, be sanctioned

pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375).  We

reverse and remand. 

     On May 13, 1987, the Tribunal de Commerce de Paris entered a

judgment for petitioners.  On June 6, 1989, the Cour D'Appel de

Paris modified, but otherwise confirmed, the judgment.  

     On October 26, 1994, petitioners filed a petition in the

circuit court of Du Page County to register the foreign judgment. 

Respondent objected, contending, inter alia, that the action was

barred under section 13--205 of the Code of Civil Procedure (the

Code) (735 ILCS 5/13--205 (West 1994)), which provides that all

civil actions not otherwise provided for shall be commenced within

five years after the cause of action accrued.  See 735 ILCS 5/13--

205 (West 1994).  Petitioners asserted that, because of certain

statutory amendments, petitions to register a foreign-country

judgment are now governed by the seven-year statute of limitations

applicable to the enforcement of Illinois judgments. 

Alternatively, petitioners argued that their action for the

interest on the judgment was not time barred.

     On September 27, 1995, the trial court held that the petition

was barred by the five-year statute of limitations governed under

section 13--205 of the Code.  On February 8, 1996, the trial court

denied petitioners' motion to reconsider.  The memorandum opinion

and order of the trial court did not specifically address the issue

regarding the collection of interest on the judgment.  However, the

transcript of the proceedings indicates that the trial court

determined that, because the judgment could not be registered,

petitioners could not, therefore, collect the interest. 

Petitioners filed a timely notice of appeal.

     Petitioners' first argument on appeal is that the trial court

erred in determining that the petition to register the foreign-

country judgment is time barred.  We agree.

     The enforcement of non-Illinois judgments is governed under

two uniform statutes.  The Uniform Enforcement of Foreign Judgments

Act (the Foreign Judgments Act) (735 ILCS 5/12--650 through 12--657

(West 1994)) governs the enrollment and enforcement of judgments of

courts of the United States and any other courts, the judgments of

which are entitled to full faith and credit in Illinois.  See 735

ILCS 5/12--651 (West 1994).  The Uniform Foreign Money-Judgments

Recognition Act (the Recognition Act) (735 ILCS 5/12--618 through

12--626 (West 1994)) governs the recognition of judgments of any

governmental unit other than the United States.  The Recognition

Act also provides that a foreign judgment that is final,

conclusive, and enforceable where rendered is conclusive between

the parties.  735 ILCS 5/12--619, 12--620 (West 1994).  Further, a

foreign judgment is enforceable in the same manner as the judgment

of a sister state that is entitled to full faith and credit.  735

ILCS 5/12--620 (West 1994); see also Pinnacle Arabians, Inc. v.

Schmidt, 274 Ill. App. 3d 504, 507 (1995).  

     Neither of these statutory acts specifically provides a

limitations period for the enforcement of non-Illinois judgments. 

Prior to 1991, the registration and enforcement of sister-state

judgments was governed by sections 12--601 through 12--617 of the

Code, which also contained no specific limitations period. 

Therefore, prior to 1991, an action to register a foreign judgment,

whether from another state or another country, was considered civil

in nature.  Because no specific limitations period was provided,

Illinois courts applied the five-year statute of limitations to

such actions.  In re Marriage of Kramer, 253 Ill. App. 3d 923, 926-

27 (1993).  

     However, effective September 9, 1991, the Illinois legislature

repealed sections 12--601 through 12--617 of the Code and adopted

the Foreign Judgments Act to implement the full faith and credit

clause of the United States Constitution (U.S. Const., art. IV, §1)

and to facilitate the interstate enforcement of judgments.  See

Practice Management Associates, Inc. v. Thurston, 225 Ill. App. 3d

470, 473 (1992).  Section 12--652 of the Foreign Judgments Act

states:

          "A copy of any foreign judgment authenticated in

     accordance with the acts of Congress or the statutes of this

     State may be filed in the office of the circuit clerk for any

     county of this State.  The clerk shall treat the foreign

     judgment in the same manner as a judgment of the circuit court

     for any county of this State.  A judgment so filed has the

     same effect and is subject to the same procedures, defenses

     and proceedings for reopening, vacating, or staying as a

     judgment of a circuit court for any county of this State and

     may be enforced or satisfied in like manner."  735 ILCS 5/12--

     652 (West 1994).

     In Johnson v. Johnson, 267 Ill. App. 3d 253, 255 (1994), we

held that, since the adoption of the Foreign Judgments Act, the

seven-year limitations period for enforcing an Illinois judgment

applies to the enrollment and enforcement of a sister-state

judgment, rather than the five-year period for other actions.  

     Petitioners argue that the seven-year limitations period

should also apply to the registration and enforcement of a foreign-

country judgment.  In support of their argument, petitioners cite

section 12--620 of the Recognition Act, which states:

          "Except as provided in Section 12--621 of this Act, a

     foreign judgment meeting the requirements of Section 12--619

     of this Act is conclusive between the parties to the extent

     that it grants or denies recovery of a sum of money.  The

     foreign judgment is enforceable in the same manner as the

     judgment of a sister state which is entitled to full faith and

     credit."  735 ILCS 5/12--620 (West 1994).

     Because the enrollment and enforcement of a sister-state

judgment is now governed by the seven-year limitations period and

because a foreign-country judgment "is enforceable in the same

manner as the judgment of a sister state," petitioners argue that

the registration and enforcement of a foreign-country judgment is

now also governed by the seven-year limitations period.  We agree

with petitioners that the seven-year limitations period should

apply.  

     Respondent argues that, because the amendment to the Code only

discusses judgments of sister states and because the Recognition

Act was not amended, this court should apply the same limitations

period to a foreign-country judgment as we did prior to the

amendment.  We disagree.  Although the Recognition Act has not been

amended, what it has always stated was that foreign-country

judgments are enforceable in the same manner as the judgment of a

sister state that is entitled to full faith and credit.  See 735

ILCS 5/12--620 (West 1994).  Before the 1991 amendment, the period

for registration and enforcement of both sister-state and foreign-

country judgments was five years.  After the amendment, the period

is seven years.  

     The trial court's order denying the petition to register the

foreign-country judgment stated as part of the reason for its

denial the fact that sister-state judgments may now simply be filed

in the trial court to be immediately treated as an Illinois

judgment, whereas foreign-country judgments must meet certain

requirements to be final and conclusive between the parties.  We

see no reason that this extra statutory procedure should render the

registration and enforcement of a foreign-country judgment governed

by a different limitations period.  Moreover, the trial court's

order expressly found that the judgment was final and conclusive

between the parties.

     The trial court's order also states that, in Johnson, we

declined to rule whether the seven-year limitations period applies

to the enforcement of sister-state judgments.  This is incorrect. 

In Johnson, we explicitly held that the seven-year limitations

period applies to the enrollment and the enforcement of sister-

state judgments.  What we declined to determine was whether that

limitations period began to run from the date of the rendition of

the judgment or from the date it was registered.  Johnson, 267 Ill.

App. 3d at 255.  Moreover, we fail to see how the limitation the

trial court attempted to place on our holding supports the denial

of the petition here since, like the petitioner in Johnson, 

petitioners in the present case are attempting to register the

judgment.  

     The trial court's order in the present case relies for its

reasoning on an Idaho case, Attorney General of Canada on Behalf of

Her Majesty the Queen in Right of Canada v. Tysowski, 118 Idaho

737, 800 P.2d 133 (Idaho App. 1990), in which the plaintiff filed

an action in Idaho to enforce a five-year-old judgment previously

entered in Canada.  The court held that the "catch-all" statute of

limitations, similar to our section 13--205 of the Code, was

applicable because no limitations period was specifically provided

for that type of action.  Tysowski, 118 Idaho at ___, 800 P.2d at

135-36.  However, the Tysowski court recognized that the

Recognition Act provides for the recognition and enforcement of

foreign-country judgments in the same manner as sister-state

judgments, but held that the Recognition Act was inapplicable

because the cause of action was filed prior to its enactment. 

Tysowski, 118 Idaho at ___ n.2, 800 P.2d at 135 n.2.  

     We agree with the reasoning of the cases that have held that

the Foreign Judgments Act and the Recognition Act are to be

interpreted to complement each other rather than to be mutually

exclusive and that they are to be enforceable in the same manner. 

See Guinness PLC v. Ward, 955 F.2d 875, 891-92 (4th Cir. 1992); Don

Docksteader Motors, Ltd. v. Patal Enterprises, Ltd., 794 S.W.2d

760, 761 (Tex. 1990).  We hold that the 1991 amendment to the Code

adopting the Foreign Judgments Act rendered the seven-year

limitations period for an Illinois judgment applicable to the

registration and enforcement of foreign-country judgments as well

as sister-state judgments.  Our resolution of the first issue

obviates the need to address petitioners' second issue on appeal. 

     Finally, respondent contends that petitioners' appeal was

improperly taken, constituting a frivolous appeal.  Respondent

moved for sanctions pursuant to Supreme Court Rule 375 (155 Ill. 2d

R. 375).  From our determination of the first issue, it should be

apparent this court does not consider this a frivolous appeal.  We,

therefore, deny respondent's motion for sanctions.

     We reverse the judgment of the circuit court of Du Page County

denying the petition to register the foreign-country judgment and

remand this cause for further proceedings consistent with this

opinion.

     Reversed and remanded.

     McLAREN and DOYLE, JJ., concur.