LA SOCIETE ANONYME GORO *et al.*, Petitioners-Appellants, v. CONVEYOR ACCESSORIES, INC., Respondent-Appellee.

Second District   No. 2—96—0282

Opinion filed March 5, 1997.

Jeffrey G. Liss, of Chicago, for appellant La Societe Anonyme Goro.

Michael R. Liss, of Hinsdale, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Petitioners, La Societe Anonyme Goro and Titan Fasteners, Inc., appeal the trial court's judgment denying their petition to register a judgment in Du Page County against respondent, Conveyor Accessories, Inc. The Tribunal de Commerce de Paris, in Paris, France, initially entered the judgment, and the Cour D'Appel de Paris, also in Paris, France, modified, but otherwise confirmed, the judgment. The issues on appeal are: (1) whether the trial court erred in determining that the petition is barred by the five-year statute of

limitations applicable to actions for which a specific limitations period is not provided; (2) whether, if the underlying action is barred, petitioners' claim for interest payments due during the five years preceding the filing of the petition is valid; and (3) whether the appeal was taken for an improper purpose and petitioners should, therefore, be sanctioned pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375). We reverse and remand.

On May 13, 1987, the Tribunal de Commerce de Paris entered a judgment for petitioners. On June 6, 1989, the Cour D'Appel de Paris modified, but otherwise confirmed, the judgment.

On October 26, 1994, petitioners filed a petition in the circuit court of Du Page County to register the foreign judgment. Respondent objected, contending, *inter alia*, that the action was barred under section 13—205 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—205 (West 1994)), which provides that all civil actions not otherwise provided for shall be commenced within five years after the cause of action accrued. See 735 ILCS 5/13—205 (West 1994). Petitioners asserted that, because of certain statutory amendments, petitions to register a foreign-country judgment are now governed by the seven-year statute of limitations applicable to the enforcement of Illinois judgments. Alternatively, petitioners argued that their action for the interest on the judgment was not time barred.

On September 27, 1995, the trial court held that the petition was barred by the five-year statute of limitations governed under section 13—205 of the Code. On February 8, 1996, the trial court denied petitioners' motion to reconsider. The memorandum opinion and order of the trial court did not specifically address the issue regarding the collection of interest on the judgment. However, the transcript of the proceedings indicates that the trial court determined that, because the judgment could not be registered, petitioners could not, therefore, collect the interest. Petitioners filed a timely notice of appeal.

Petitioners' first argument on appeal is that the trial court erred in determining that the petition to register the foreign-country judgment is time barred. We agree.

■ The enforcement of non-Illinois judgments is governed under two uniform statutes. The Uniform Enforcement of Foreign Judgments Act (the Foreign Judgments Act) (735 ILCS 5/12—650 through 12—657 (West 1994)) governs the enrollment and enforcement of judgments of courts of the United States and any other courts, the judgments of which are entitled to full faith and credit in Illinois. See 735 ILCS 5/12—651 (West 1994). The Uniform Foreign Money-Judgments Recognition Act (the Recognition Act) (735 ILCS 5/12—

618 through 12—626 (West 1994)) governs the recognition of judgments of any governmental unit other than the United States. The Recognition Act also provides that a foreign judgment that is final, conclusive, and enforceable where rendered is conclusive between the parties. 735 ILCS 5/12—619, 12—620 (West 1994). Further, a foreign judgment is enforceable in the same manner as the judgment of a sister state that is entitled to full faith and credit. 735 ILCS 5/12—620 (West 1994); see also *Pinnacle Arabians, Inc. v. Schmidt*, 274 Ill. App. 3d 504, 507 (1995).

Neither of these statutory acts specifically provides a limitations period for the enforcement of non-Illinois judgments. Prior to 1991, the registration and enforcement of sister-state judgments were governed by sections 12—601 through 12—617 of the Code, which also contained no specific limitations period. Therefore, prior to 1991, an action to register a foreign judgment, whether from another state or another country, was considered civil in nature. Because no specific limitations period was provided, Illinois courts applied the five-year statute of limitations to such actions. *In re Marriage of Kramer*, 253 Ill. App. 3d 923, 926-27 (1993).

However, effective September 9, 1991, the Illinois legislature repealed sections 12—601 through 12—617 of the Code and adopted the Foreign Judgments Act to implement the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1) and to facilitate the interstate enforcement of judgments. See *Practice Management Associates, Inc. v. Thurston*, 225 Ill. App. 3d 470, 473 (1992). Section 12—652 of the Foreign Judgments Act states:

"A copy of any foreign judgment authenticated in accordance with the acts of Congress or the statutes of this State may be filed in the office of the circuit clerk for any county of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any county of this State and may be enforced or satisfied in like manner." 735 ILCS 5/12—652 (West 1994).

In *Johnson v. Johnson*, 267 Ill. App. 3d 253, 255 (1994), we held that, since the adoption of the Foreign Judgments Act, the seven-year limitations period for enforcing an Illinois judgment applies to the enrollment and enforcement of a˚sister-state judgment, rather than the five-year period for other actions.

Petitioners argue that the seven-year limitations period should also apply to the registration and enforcement of a foreign-country

judgment. In support of their argument, petitioners cite section 12—620 of the Recognition Act, which states:

> "Except as provided in Section 12—621 of this Act, a foreign judgment meeting the requirements of Section 12—619 of this Act is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." 735 ILCS 5/12—620 (West 1994).

Because the enrollment and enforcement of a sister-state judgment are now governed by the seven-year limitations period and because a foreign-country judgment "is enforceable in the same manner as the judgment of a sister state," petitioners argue that the registration and enforcement of a foreign-country judgment are now also governed by the seven-year limitations period. We agree with petitioners that the seven-year limitations period should apply.

Respondent argues that, because the amendment to the Code only discusses judgments of sister states and because the Recognition Act was not amended, this court should apply the same limitations period to a foreign-country judgment as we did prior to the amendment. We disagree. Although the Recognition Act has not been amended, what it has always stated was that foreign-country judgments are enforceable in the same manner as the judgment of a sister state that is entitled to full faith and credit. See 735 ILCS 5/12—620 (West 1994). Before the 1991 amendment, the period for registration and enforcement of both sister-state and foreign-country judgments was five years. After the amendment, the period is seven years.

The trial court's order denying the petition to register the foreign-country judgment stated as part of the reason for its denial the fact that sister-state judgments may now simply be filed in the trial court to be immediately treated as an Illinois judgment, whereas foreign-country judgments must meet certain requirements to be final and conclusive between the parties. We see no reason that this extra statutory procedure should render the registration and enforcement of a foreign-country judgment governed by a different limitations period. Moreover, the trial court's order expressly found that the judgment was final and conclusive between the parties.

The trial court's order also states that, in *Johnson*, we declined to rule whether the seven-year limitations period applies to the enforcement of sister-state judgments. This is incorrect. In *Johnson*, we explicitly held that the seven-year limitations period applies to the enrollment and the enforcement of sister-state judgments. What we

declined to determine was whether that limitations period began to run from the date of the rendition of the judgment or from the date it was registered. *Johnson*, 267 Ill. App. 3d at 255. Moreover, we fail to see how the limitation the trial court attempted to place on our holding supports the denial of the petition here since, like the petitioner in *Johnson*, petitioners in the present case are attempting to register the judgment.

The trial court's order in the present case relies for its reasoning on an Idaho case, *Attorney General of Canada ex rel. Her Majesty the Queen in Right of Canada v. Tysowski*, 118 Idaho 737, 800 P.2d 133 (App. 1990), in which the plaintiff filed an action in Idaho to enforce a five-year-old judgment previously entered in Canada. The court held that the "catch-all" statute of limitations, similar to our section 13—205 of the Code, was applicable because no limitations period was specifically provided for that type of action. *Tysowski*, 118 Idaho at 739-40, 800 P.2d at 135-36. However, the *Tysowski* court recognized that the Recognition Act provides for the recognition and enforcement of foreign-country judgments in the same manner as sister-state judgments, but held that the Recognition Act was inapplicable because the cause of action was filed prior to its enactment. *Tysowski*, 118 Idaho at 739 n.2, 800 P.2d at 135 n.2.

We agree with the reasoning of the cases that have held that the Foreign Judgments Act and the Recognition Act are to be interpreted to complement each other rather than to be mutually exclusive and that they are to be enforceable in the same manner. See *Guinness PLC v. Ward*, 955 F.2d 875, 891-92 (4th Cir. 1992); *Don Docksteader Motors, Ltd. v. Patal Enterprises, Ltd.*, 794 S.W.2d 760, 761 (Tex. 1990). We hold that the 1991 amendment to the Code adopting the Foreign Judgments Act rendered the seven-year limitations period for an Illinois judgment applicable to the registration and enforcement of foreign-country judgments as well as sister-state judgments. Our resolution of the first issue obviates the need to address petitioners' second issue on appeal.

■ Finally, respondent contends that petitioners' appeal was improperly taken, constituting a frivolous appeal. Respondent moved for sanctions pursuant to Supreme Court Rule 375 (155 Ill. 2d R. 375). From our determination of the first issue, it should be apparent this court does not consider this a frivolous appeal. We, therefore, deny respondent's motion for sanctions.

We reverse the judgment of the circuit court of Du Page County denying the petition to register the foreign-country judgment and

remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and DOYLE, JJ., concur.