NOTICE
Decision filed 03/05/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250886-U

NO. 5-25-0886

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| SOPHIA CHU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 25-FA-279 |
| | ) | |
| WILLIAM L. NANNA, | ) | Honorable |
| | ) | Alana I. Mejias, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court erred by denying respondent's motion to dismiss and registering petitioner's Japanese divorce decree as a foreign judgment because the Foreign Judgments Act does not include judgments of foreign countries within its definition of "foreign judgments."

¶ 2    The respondent, William L. Nanna, appeals the September 30, 2025, order of the circuit court of St. Clair County denying his motion to dismiss and granting the petitioner, Sophia Chu's, petition to register a foreign judgment. On appeal, Nanna argues that the circuit court erred by granting Chu's petition to register the foreign judgment because the trial court lacked personal jurisdiction over Nanna, and the Uniform Enforcement of Foreign Judgments Act (Foreign Judgments Act) (735 ILCS 5/12-652 (West 2024)) does not include judgments of foreign countries within its definition of "foreign judgments." For the reasons that follow, we reverse the circuit

1

court's September 30, 2025, order denying Nanna's motion to dismiss and granting Chu's petition to register the foreign judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The parties married on May 30, 2011, in Okinawa, Japan. Three children were born of the marriage. In November 2020 the parties separated and Chu subsequently filed for divorce in Japan. On December 16, 2021, a "Conciliation Record (Successful Conciliation)" was entered in the Japanese court. The conciliation terms included, *inter alia*, that Nanna was obligated to pay (1) a lump sum of $200,000 to Chu by September 15, 2022; (2) $2,000 each month as "post-divorce living support" until May 31, 2025, or until Nanna retired from the military; (3) $30,000 of attorney fees incurred by Chu in Texas; and (4) monthly child support. The conciliation terms granted sole custody of the children to Chu subject to Nanna's visitation rights.

¶ 5     On May 29, 2025, Chu filed a petition to register the foreign judgment in the circuit court of St. Clair County. Her petition sought to register the Japanese judgment "in accordance with 735 ILCS 5/12-652." Chu's petition attached an authenticated copy of the judgment and alleged that since the entry of the judgment, Nanna relocated his employment to Illinois. Her petition further alleged that Nanna maintained a bank account at Navy Federal Credit Union in Illinois.

¶ 6     On July 22, 2025, counsel for Nanna filed his entry of special and limited appearance for the "sole purpose of contesting this Court's personal jurisdiction over [Nanna]." On August 6, 2025, Nanna filed a motion to dismiss Chu's petition to register a foreign judgment. In his motion to dismiss, Nanna argued (1) that the circuit court lacked personal jurisdiction because he was not personally served, and Chu did not demonstrate Nanna had the necessary "minimum contacts" under Illinois's long-arm statute; (2) that the registration of the Japanese judgment was barred by

2

*res judicata,* because Chu previously attempted to register the judgment in Missouri;[1] and (3) that the definition of "foreign judgment" under the Foreign Judgments Act does not extend to judgments of other countries.

¶ 7      The circuit court heard Nanna's motion to dismiss on September 30, 2025. Nanna stated that his motion to dismiss based on *res judicata* had become moot because the Missouri court of appeals reversed the circuit court's decision to deny his motion to dismiss in Missouri. Nanna reiterated the arguments made in his motion to dismiss based on lack of personal jurisdiction and that the Foreign Judgments Act does not apply to judgments of other countries. With respect to the Foreign Judgments Act, Nanna argued that the purpose of the Foreign Judgments Act was to provide a summary procedure to enforce judgments from courts of the United States, not other countries.

¶ 8      In response, Chu alleged that Nanna failed to pay the lump sum of $200,000, attorney fees in the amount of $30,000, and child support as ordered by the Japanese judgment. Chu clarified that she initially registered the judgment in Missouri and attempted to levy a garnishment on Nanna's bank account, but that bank was located in Illinois, not Missouri. Chu argued that pursuant to the Foreign Judgments Act, she was not required to serve a summons on Nanna, but rather, the court was tasked with notifying a respondent via mail. Chu further argued that Illinois law permitted a foreign judgment from a different country to be registered in Illinois, citing *La Societe Anonyme Goro v. Conveyor Accessories, Inc.*, 286 Ill. App. 3d 867 (1997). In reply, Nanna clarified that he never resided in Illinois and that he retired from the Air Force in June of 2025.

---

[1]Chu filed a petition to register the foreign judgment in the circuit court of St. Charles County, Missouri, which was pending on appeal at the time Nanna filed his motion to dismiss. We take judicial notice that on September 16, 2023, the Missouri Court of Appeals, Eastern District, dismissed Chu's petition based on her failure to file a verified petition. As such, Nanna withdrew his argument for *res judicata* at the September 30, 2025, motion hearing.

¶ 9    In its ruling on the motion to dismiss, the circuit court made an oral pronouncement and opined that the foreign judgment could be registered. The court stated that the issues raised by Nanna in his motion to dismiss could be raised and addressed when Chu sought contempt or garnishment proceedings. The court clarified it did not find that the court had personal jurisdiction over Nanna, but rather that Chu met all requirements to register the foreign judgment.

¶ 10    On September 30, 2025, the circuit court entered a written order stating "Respondent's motion to dismiss is called, heard and denied. The Judgment requested to be registered on May 29, 2025[,] by Petitioner is deemed to be registered." On October 29, 2025, Nanna filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, Nanna argues that the circuit court erred by denying his motion to dismiss and by registering Chu's foreign judgment. Specifically, Nanna argues that the circuit court erred by granting Chu's petition to register the foreign judgment because (1) the trial court lacked personal jurisdiction over Nanna and (2) the Foreign Judgments Act does not include judgments of foreign countries within its definition of "foreign judgments." For the reasons that follow, we agree that the Foreign Judgments Act does not include judgments of foreign countries within its definition of "foreign judgments."

¶ 13    Initially, we note that no appellee brief was filed. When an appellee has not filed a brief, a reviewing court may "decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or *** reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record." (Internal quotation marks omitted.) *In re Marriage of Gualandi*, 2024 IL App (5th) 240238, ¶ 73. In the case *sub judice*, the record is simple and the issues can be easily decided without the aid of

4

an appellee's brief. Further, Nanna's brief demonstrates *prima facie* reversible error that is supported by the record. As such, we decide the case without Chu's brief.

¶ 14 We first address Nanna's argument that the circuit court erred by denying his motion to dismiss and registering the Japanese divorce judgment, because the Foreign Judgments Act does not apply to judgments of foreign countries. A motion to dismiss under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2024)) challenges the legal sufficiency of the plaintiff's claim, while a motion to dismiss under section 2-619(a) of the Code (*id.* § 2-619(a)) admits the legal sufficiency of the claim but raises certain defects or defenses outside of the pleading that defeat the claim. See *Provenzale v. Forister*, 318 Ill. App. 3d 869, 878 (2001). Our standard of review under either section is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 15 A judgment from another jurisdiction will be recognized in Illinois if it is entitled to full faith and credit. *In re Marriage of Murugesh*, 2013 IL App (3d) 110228, ¶ 23. The full faith and credit cause applies to judgments issued by other states. *Id.* The full faith and credit clause does not normally apply to divorce judgments issued by foreign countries. *Id.* (citing *Clubb v. Clubb*, 402 Ill. 390, 399-400 (1949)).

¶ 16 The enforcement of non-Illinois judgments is governed by two statutes: the Foreign Judgments Act (735 ILCS 5/12-650 *et seq.* (West 2024)) and the Uniform Foreign-Country Money Judgments Recognition Act (Recognition Act) (735 ILCS 5/12-661 *et seq.* (West 2024)). The Foreign Judgments Act governs the enforcement of judgments of courts "of the United States or of any other court which is entitled to full faith and credit in this State." *Id.* § 12-651. Any such judgment that is:

> "filed or registered under this Act shall be construed to be an original Illinois judgment from the date it is filed with the clerk of the circuit court and for purposes of

enforcement and revival, shall be treated in exactly the same manner as an Illinois judgment entered on that same date." *Id.* § 12-652(a).

¶ 17    The Recognition Act applies, with some limited exceptions, to a foreign-country judgment, to the extent that it "grants or denies recovery of a sum of money" and it is "final, conclusive, and enforceable" under the law of the foreign country where rendered. *Id.* § 12-663. The Recognition Act, however, " 'serves the purpose only of allowing [an Illinois] court a means to recognize a foreign country's judgment' " but it " 'does not establish the procedure to file or enforce a foreign judgment.' " *CE Design Ltd. v. HealthCraft Products, Inc.*, 2017 IL App (1st) 143000, ¶ 21 (quoting *Pinilla v. Harza Engineering Co.*, 324 Ill. App. 3d 803, 807 (2001)). Once a court finds that a foreign-country judgment is entitled to recognition, the foreign-country judgment is "(1) conclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this State would be conclusive; and (2) enforceable in the same manner and to the same extent as a judgment rendered in this State." 735 ILCS 5/12-667 (West 2024).

¶ 18    Nanna argues that the Foreign Judgments Act does not include judgments of foreign countries within its definition of "foreign judgments." In support of his argument, Nanna states that "the [Foreign Judgments] Act defines 'foreign judgment' as 'any judgment, decree, or order of a court of the United States or of any State or territory, which is entitled to full faith and credit in this State.' § 12-651." We note that Nanna quotes the prior version of the Foreign Judgments Act, previously codified at Ill. Rev. Stat. 1983, ch. 110, par. 12-601(a). Although the distinction is minor, the current version of the Foreign Judgments Act defines "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this State." 735 ILCS 5/12-651 (West 2024). Nonetheless, we agree with Nanna that the Foreign Judgments Act itself does not include judgments of foreign countries within its definition of "foreign judgments."

6

¶ 19    Although the Recognition Act, read in conjunction with the Foreign Judgments Act, permits the enforcement of foreign-country judgments (see *La Societe Anonyme Goro*, 286 Ill. App. 3d 867 (1997)) the Recognition Act specifically provides that "[t]his Act does not apply to a foreign-country judgment even if the judgment grants or denies recovery of a sum of money, to the extent that the judgment is: *** (3) a judgment for divorce, support, or maintenance, or other judgment rendered in connection with domestic relations." 735 ILCS 5/12-663(b) (West 2024). Further, the Recognition Act provides that "[a] party seeking recognition of a foreign-country judgment has the burden of establishing that this Act applies to the foreign-country judgment." *Id.* § 12-663(c). Thus, the Recognition Act, on its face, does not apply to a judgment for divorce, support, or maintenance, as we have in the case at hand. Even if the Recognition Act did not expressly exclude those judgments, Chu would have the burden of establishing that it was applicable in the case *sub judice*.

¶ 20    As noted above, we do not have the benefit of an appellee's brief, and the record reflects that Chu did not file a written response to Nanna's motion to dismiss in the circuit court. However, at the September 30, 2025, hearing on Nanna's motion to dismiss, Chu argued that case law supported her argument that a foreign judgment from a different country can be registered in Illinois. Specifically, she argued:

> "and shocker, there's a case in Illinois—that allows, even outside of the statute, that a foreign judgment from a different country can be registered in this state. The case I have is *La Societe Anonyme Goro*, 286 Ill. App. 3d 867, that talked about the registration of a judgment from France."

¶ 21    In *La Societe Anonyme Goro*, the petitioners sought to register a French judgment in Illinois. *La Societe Anonyme Goro*, 286 Ill. App. 3d at 868. The circuit court determined the petition was barred by the five-year statute of limitations. *Id.* On appeal, the second district reversed the decision of the circuit court, finding a seven-year statute of limitations applied,

7

because of amendments to the Foreign Judgments Act and the Uniform Foreign Money-Judgments Recognition Act.[2] *Id.* at 870. In support of its decision, the second district stated:

> "The enforcement of non-Illinois judgments is governed under two uniform statutes. The Uniform Enforcement of Foreign Judgments Act (the Foreign Judgments Act) (735 ILCS 5/12-650 through 12-657 (West 1994)) governs the enrollment and enforcement of judgments of courts of the United States and any other courts, the judgments of which are entitled to full faith and credit in Illinois. See 735 ILCS 5/12-651 (West 1994). The Uniform Foreign Money-Judgments Recognition Act (the Recognition Act) (735 ILCS 5/12-618 through 12-626 (West 1994)) governs the recognition of judgments of any governmental unit other than the United States. The Recognition Act also provides that a foreign judgment that is final, conclusive, and enforceable where rendered is conclusive between the parties. 735 ILCS 5/12-619, 12-620 (West 1994). Further, a foreign judgment is enforceable in the same manner as the judgment of a sister state that is entitled to full faith and credit. 735 ILCS 5/12-620 (West 1994); [Citation.]" *Id.* at 868-69.

¶ 22    Chu is correct in that *La Societe Anonyme Goro* stands for the proposition that a foreign judgment from a different country can be registered in Illinois. We agree with the reasoning that "the Foreign Judgments Act and the Recognition Act are to be interpreted to complement each other rather than to be mutually exclusive and that they are to be enforceable in the same manner." *Id.* at 871. However, the current version of the Recognition Act (735 ILCS 5/12-661 through 12-672 (West 2024)) specifically excludes foreign-country judgments for "divorce, support, or maintenance, or other judgment rendered in connection with domestic relations." *Id.* § 12-663(b). As such, we conclude that the definition of "foreign judgment" in the Foreign Judgments Act does not encompass judgments of foreign countries, even when read in conjunction with the Recognition Act.

¶ 23    Accordingly, because the Foreign Judgments Act does not include judgments of foreign countries within its definition of "foreign judgments", and the Recognition Act does not apply to

---

[2]The Uniform Foreign Money-Judgments Recognition Act (735 ILCS 5/12-618 through 12-626 (West 1994)) was repealed by P.A. 97-140, eff. Jan. 1, 2012, and replaced by the Uniform Foreign-Country Money Judgments Recognition Act (735 ILCS 5/12-661 through 12-672 (West 2024) (referenced as the Recognition Act throughout this order)).

foreign judgments for divorce, support, or maintenance, the trial court erred by denying Nanna's motion to dismiss and granting Chu's petition to register the foreign judgment.

¶ 24                                    III. CONCLUSION

¶ 25    Based on the foregoing, we reverse the circuit court's denial of Nanna's motion to dismiss. As such, we need not address the other arguments raised on appeal.


¶ 26    Reversed.